UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GUY ROMAL HAMILTON,

                                        Plaintiff,           Case # 18-CV-147-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

Plaintiff Guy Romal Hamilton brings this action pursuant to the Social Security Act seeking review of the denial of his Supplemental Security Income ("SSI") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On April 1, 2014, Hamilton protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 116-25. He alleged disability since May 1, 2011 due to a ruptured disc and a back injury. Tr. 69. On July 29, 2016, Hamilton and a vocational expert ("VE") testified at a video hearing before Administrative Law Judge David J. Begley ("the ALJ"). Tr. 36-66. On September 27, 2016, the ALJ issued a decision finding that Hamilton was not disabled. Tr. 10-19. On December 1, 2017, the Appeals Council denied Hamilton's request for

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

review. Tr. 1-6. On January 26, 2018, Hamilton filed this action that seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Hamilton's claim for benefits under the process described above. At step one, the ALJ found that Hamilton had not engaged in substantial gainful activity since the alleged onset date. Tr. 12. At step two, the ALJ found that Hamilton has the following severe

impairments: degenerative disc disease and adjustment disorder with anxiety and depression.[2] Tr. 12-13. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 13-14.

Next, the ALJ determined that Hamilton retains the RFC to perform light work,[3] can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and must avoid hazardous machinery, unprotected heights, and open flames. Tr. 14-15. As to his mental capacity, the ALJ found that Hamilton can perform only simple, routine, repetitive tasks that involve only simple, work-related decisions with few, if any, workplace changes in an environment without fast-paced production requirements. Tr. 15.

At step four, the ALJ noted that Hamilton had no past relevant work. Tr. 17. At step five, the ALJ found that Hamilton could adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 17-18. Specifically, the VE testified that Hamilton could work as a housekeeper, hand packager, and laundry worker. Tr. 18. Accordingly, the ALJ concluded that Hamilton was not disabled. Tr. 18-19.

## II.    Analysis

Hamilton argues that remand is required because the RFC determination lacks substantial evidence. [4] ECF No. 9-1 at 12-20. The Court agrees.

---

[2] The ALJ denied Hamilton's DIB application at this step because the medical evidence did not reveal a severe impairment before March 31, 2012, Hamilton's date last insured. Tr. 12. Thus, the remainder of the ALJ's decision pertained to Hamilton's SSI application only. Hamilton does not argue that the ALJ erred on this basis.

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

[4] Hamilton advances another argument that he believes requires reversal of the Commissioner's decision. ECF No. 9-1 at 21-25. The Court will not reach that argument because it remands based on the improper RFC determination.

A claimant's RFC reflects what he or she "can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted); *see also* 20 C.F.R. § 416.945(a). The ALJ assesses RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).

The RFC determination does not have to "perfectly correspond" with the medical source opinions cited in the ALJ's decision; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). When an ALJ does not rely on a medical opinion to formulate the claimant's RFC, he must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013).

Here, the ALJ determined that Hamilton retains the RFC to perform light work; can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; must avoid hazardous machinery, unprotected heights, and open flames; and can perform only simple, routine, repetitive tasks that involve only simple, work-related decisions with few, if any, workplace changes in an environment without fast-paced production requirements. Tr. 14-15.

It is unclear to the Court how the ALJ made this determination as the record contains scant opinion evidence and the treatment notes contain only raw medical data. As to Hamilton's physical capacity, consultative examiner Samuel Balderman, M.D. examined him and opined that he has "no physical limitations." Tr. 197. The ALJ afforded "some weight" to this opinion without explaining how that opinion led him to the RFC determination set forth above. As to Hamilton's mental capacity, there is no medical opinion as to Hamilton's ability to perform mental work-related activities.

Because the ALJ did not rely on a medical opinion to formulate Hamilton's RFC, he should have performed a function-by-function analysis of Hamilton's work-related capacity. Although the ALJ summarizes and cites some of the record medical evidence, he does not tie that evidence to the physical and mental demands of full-time competitive work. He notes, for example, that Hamilton had normal gait, stance, and range of motion and demonstrated appropriate affect, logical thought processes, and good judgment, attention, and concentration at some appointments and that one of Hamilton's doctors described his condition as "stable." Tr. 16-17. But the ALJ does not explain how this evidence supports the RFC determination, and all of the medical records that he cites contain only raw medical data that does not illuminate how Hamilton's impairments impact his ability to perform work-related functions. *See* Tr. 191, 195-97, 202, 205, 207, 217, 230, 245, 268, 272, 278, 283, 286, 299, 303, 312, 335, 391, 413-14, 419, 431-32.

The ALJ also discusses Hamilton's hearing testimony but again fails to tie that testimony to the RFC determination. Hamilton testified, for example, that he can lift up to 10 pounds, cannot sit or stand for too long, and can walk for about 30 minutes. Tr. 43, 54, 59. This is inconsistent with light work, which requires lifting up to 20 pounds and "a good deal" of walking, standing, or sitting. 20 C.F.R. § 416.967(b). Hamilton testified that he has trouble climbing stairs, which the

6

ALJ accounted for in the RFC determination, but it is otherwise unclear how the ALJ made the specific findings as to Hamilton's ability to balance, stoop, kneel, crouch, and crawl, need to avoid hazardous machinery, unprotected heights, and open flames, and mental limitations.

Without a function-by-function assessment relating the record evidence to the requirements of competitive work or reliance on a medical source's opinion as to Hamilton's functional capacity, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 18, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court